### SAWYER *et al.* v. CLARK *et al.*

(*Supreme Court, General Term, First Department.* April 17, 1891.)

CHANGE OF VENUE—AFFIDAVITS.

Defendants, in an action of replevin for a quantity of cotton yarn manufactured into shirts, applied for a change of place of trial to the county of the place of manufacture of said goods, for convenience of witnesses. Plaintiffs filed an affidavit of their credit man in rebuttal, averring a necessity for the attendance of four witnesses at the place of suit to prove fraudulent representations by the defendants. Said affidavit failed to show what representations were made, and any communication to counsel concerning what said witnesses would be expected to testify to, and closed with the statement, "as deponent is informed by the counsel for plaintiffs, and verily believes." *Held*, that said affidavit was insufficient as an answer to the application for change of place of trial.

Appeal from special term, New York county.

Action by Joseph Sawyer and others against Otis G. Clark and another to recover the possession of certain raw material manufactured into goods by the defendants. The plaintiffs appeal from an order changing the place of trial, on the application of the defendants, from the county of New York to the county of Rensselaer.

Argued before VAN BRUNT, P. J., and DANIELS and LAWRENCE, JJ.

*Henry L. Landon*, for appellants. *Edward W. Douglas*, for respondents.

DANIELS, J. The action is replevin for the recovery of the possession of 2,427 pounds of combed cotton yarn, style No. 12, 2,490 pounds of cotton yarn, Jaeger C. style No. 12, which had been manufactured into 296 1-6 dozen shirts and drawers. The plaintiffs issued the necessary requisition to entitle them to the immediate possession of the property, and under which it is claimed to have been taken; but the defendants afterwards gave the necessary undertaking, under which the possession was returned to them; and by their answers they claim title to the property. In support of the motion it was alleged that the yarn was purchased, and also manufactured, at Troy, and three witnesses are named whom it is expected will give evidence in support of these facts; and added to these are witnesses by whom the defendants expect to prove that the goods taken were manufactured from other yarn than that purchased from the plaintiffs; and still others are named, whose evidence is to be relied upon to prove the transfer and mortgage upon the goods to the defendants. In answer to the affidavits affirming these facts and naming these witnesses is the affidavit of Anthony C. Brew, the plaintiffs' credit man, who swears to the necessity for the attendance of four different witnesses for the plaintiffs, and also that it will be necessary to examine the managers of three mercantile agencies to prove representations made to them, and that these representations were repeated to this affiant. The affidavit is extremely general in its statements, wholly failing to disclose what representations were made, further than they were false and fraudulent. In what respect they were false has not been mentioned. Neither is it stated that any communication was made to counsel concerning what the witnesses would be expected to testify to. The only reference made to counsel follows the statement that each and every one of these witnesses will be necessary and material on the trial of this action, for the purpose of making proof of the plaintiffs' claim; and then this reference to counsel is added; and the addition is, "as deponent is informed by Abraham Gurber, counsel for the plaintiffs, and verily believes." This affidavit was in all important respects informal and defective. It failed to comply with the well-established practice, and presented no answer to the application to change the place of trial. The order should therefore be affirmed, with $10 costs and the disbursements.

All concur.